United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Walter Rojas, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-22587-Civ-Scola |
| U.S. Department of the Army and | ) |
| Secretary Ryan D. McCarthy, | ) |
| Defendants. | ) |

## **Order Dismissing Case**

The Plaintiff in this matter filed his complaint on June 23, 2020. (ECF No. 1.) That same day, the Plaintiff filed a motion to proceed in this matter *in forma pauperis* (ECF No. 3), which the Court granted on July 28, 2020 (ECF No. 14). In its order, the Court ordered the Plaintiff to file the appropriate summonses on the docket for service by the U.S. Marshals. By August 18, 2020, the Plaintiff had not yet filed the necessary summons on the docket, so the Court required the Plaintiff to file the necessary summons on the docket by September 8, 2020. (ECF No. 19.) On September 9, 2020, the Plaintiff filed summons on the docket for the Attorney General, U.S. Secretary of the Army, and the U.S. Department of the Army to be served by the U.S. Marshals. (ECF Nos. 28-30.) After the responsive deadline for the Defendants who had purportedly been served passed, the Court, upon an independent review of the record, determined the Plaintiff had failed to properly serve the Defendants pursuant to Federal Rule 4(m). (ECF No. 31.) The Court instructed the Plaintiff to cure service on the Defendants by complying with Federal Rule 4 by January 15, 2021 and the Plaintiff timely complied with the Court's order. Following proper service, the Defendants timely responded to the Plaintiff's complaint by filing a motion to dismiss on April 5, 2021. (ECF No. 35.) The Plaintiff's response to the Defendants' motion was due April 19, 2021 but no response was filed. Accordingly, on April 26, 2021, the Court ordered the Plaintiff to respond to the Defendants' motion by May 3, 2021. (ECF No. 36.) The Court also ordered the Plaintiff to show cause for his failure to abide by deadlines in this matter. (*Id.*) The court warned the Plaintiff that failure to comply with the Court's order would result in "*the dismissal of this action without prejudice and without further notice for failure to prosecute.*" (*Id.* (emphasis in original).)

A district court may dismiss a case, on its own initiative if a plaintiff abandons its prosecution of the suit. *Compare* Fed. R. Civ. P. 41(b) *with Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). Courts are vested with this inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. 630–31.

The Court finds that the Plaintiff has abandoned his prosecution of this matter. The Court **dismisses** this case without prejudice, and directs the Clerk of the Court to **close** the matter.

**Done and ordered** in Miami, Florida, on May 4, 2021.

_____
Robert N. Scola, Jr.
United States District Judge